687 P.2d 736

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Edward Joe SISNEROS,
Defendant-Appellant.**

**No. 15189.**

Supreme Court of New Mexico.

Sept. 10, 1984.

Mary Jo Snyder, Santa Fe, for appellant.

Paul Bardacke, Atty. Gen., Charles D. Noland, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

FEDERICI, Chief Justice.

In October 1980, defendant was charged by grand jury indictment with criminal sexual penetration in the second degree and kidnapping in the second degree. In January 1981, he pleaded guilty to the charges.

A dispute arose over the alleged existence of a plea bargain and a resulting expectation by defendant that he would be placed on probation. The trial judge sentenced defendant to six years imprisonment on each count, to run concurrently. Defendant appealed. On certiorari in that appeal, this Court directed that defendant be allowed to withdraw his original guilty plea. *State v. Sisneros*, 98 N.M. 201, 647 P.2d 403 (1982).

On remand, the case was assigned to another trial judge since the trial judge who originally sentenced defendant had retired from the bench. Pursuant to this Court's directions, the new trial judge allowed defendant to withdraw his plea of guilty. The case was then set for trial by jury. In that trial, the jury found defendant guilty of criminal sexual penetration in the third degree (as a lesser included offense) and kidnapping in the second degree.

After the verdict and after receiving a presentence report and considering counsel's arguments, the trial judge sentenced defendant to three years imprisonment on the criminal sexual penetration conviction and to nine years on the kidnapping conviction, to run concurrently, for a total sentence of nine years, in contrast to the original six year sentence. Defendant moved for reconsideration of the sentence, based on additional mitigating factors. After hearing argument and considering the further submissions, the trial court denied the motion.

In September 1983, the Court of Appeals affirmed defendant's conviction. Defendant filed a motion for rehearing and to amend the docketing statement. The request was for the purpose of allowing defendant to raise the following issues on rehearing that had not been raised in the appeal:

(1) jurisdiction question regarding his original guilty plea and later retrial; and

(2) the aggravated sentence in retrial.

The Court of Appeals granted the motion and properly certified the case to this Court since the Court of Appeals is prohibited from reviewing the first issue under *Alexander v. Delgado*, 84 N.M. 717, 507 P.2d 778 (1973).

The State filed a motion to quash the order granting rehearing and filed a motion to clarify the case status and briefing schedule. After hearing these motions this Court ordered that:

(1) The rehearing be quashed on the issue of the jurisdictional question regarding Sisneros' original guilty plea and later retrial as having been previously decided by this Court; and

(2) Sisneros and the State file briefs addressing the issue of the aggravated sentence.

■ This appeal poses an important question of first impression for this Court: under the rules established in *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), what constitutes adequate compliance with due process requirements for resentencing defendants who are reconvicted after a successful appeal.

At issue here is an additional three years imprisonment that was imposed on defendant following an appeal in which this Court directed that he be allowed to withdraw his original guilty plea. *State v. Sisneros.* Under *Pearce*, the more severe sentence upon reconviction triggers an inquiry into the reasons underlying the imposition of the harsher penalty. Such an inquiry is required as a matter of due process to ensure that the more severe sentence was not imposed to punish a defendant for having successfully exercised his right to appeal. *Pearce* involved a state prisoner who

had pursued a successful appeal, won a reversal and then had been sentenced to a longer prison term following reconviction after remand. After disposing of double jeopardy and equal protection questions, the United States Supreme Court stated that a trial judge may constitutionally impose a greater sentence upon retrial and that in resentencing, a judge may consider evidence from the second trial itself, a new presentence investigation, defendant's prison record, and possibly other sources. Nonetheless, the Court proceeded to articulate a new due process concern under such circumstances.

The Court stated the key concern as follows:

Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.

395 U.S. at 725, 89 S.Ct. at 2080.

To address those concerns, the Court then announced the following rule:

In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.

395 U.S. at 726, 89 S.Ct. at 2081.

Later cases have clarified the nature of the essential concerns first expressed in *Pearce.* The United States Supreme Court has held, for example, that a two-tier court system in which a defendant may appeal for a trial de novo from an adverse result in a court of limited jurisdiction contains inherent structural safeguards against vindictiveness, so that the "prophylactic" rules of *Pearce* do not apply to a more severe sentence after a de novo reconviction. *Colten v. Kentucky,* 407 U.S. 104, 116, 92 S.Ct. 1953, 1960, 32 L.Ed.2d 584 (1972).

Similarly, the Court has held that there are adequate safeguards inherent in a state system where a jury makes sentencing decisions. Even though the second jury may know that there was a previous trial, there is no realistic likelihood of a vindictive sentencing decision as long as the jury does not learn what the original sentence was. *Chaffin v. Stynchcombe,* 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973).

The *Chaffin* opinion emphasized that "[s]ubsequent cases have dispelled any doubt that *Pearce* was premised on the hazard of vindictiveness" when a defendant receives a more severe sentence after a successful appeal. 412 U.S. at 25, 93 S.Ct. at 1982. After discussing *Colten* and another intervening case, the Court stressed that the relevant inquiry in such cases is "the inquiry into possible vindictiveness." 412 U.S. at 26, 93 S.Ct. at 1982.

Against this background, the essential concern underlying *Pearce* is that the record of the proceedings after remand be adequate to permit a reviewing court to conclude that a higher second sentence was imposed for independently adequate reasons, and not as punishment against the defendant for having successfully pursued his right to appeal.

■ We note that the Court more recently has stated that a presumption of vindictiveness arises in cases such as *Pearce* where a defendant receives a more severe sentence from the same sentencing authority upon reconviction following a successful appeal, and that the presumption "may be

overcome only by objective information in the record justifying the increased sentence." *United States v. Goodwin,* 457 U.S. 368, 374, 102 S.Ct. 2485, 2489, 73 L.Ed.2d 74 (1981). The Court has yet to clarify precisely what kind of record will be sufficient to overcome the presumption. The State's position in the case before us is that the record is sufficient to satisfy the requirements of *Pearce.* We agree.

New Mexico appellate courts have not yet confronted this issue squarely in the fifteen years since *Pearce* was decided, although *Pearce* has been noted, discussed, analyzed, and distinguished in a number of cases. *See, e.g., State v. Lopez,* 99 N.M. 612, 661 P.2d 890 (Ct.App.1983); *City of Farmington v. Sandoval,* 90 N.M. 246, 561 P.2d 945 (Ct.App.1977). *Cf. State v. Stevens,* 96 N.M. 627, 633 P.2d 1225 (1981) (discussing the more recent doctrine of prosecutorial vindictiveness, which is rooted in *Pearce*), *cert. denied,* 458 U.S. 1109, 102 S.Ct. 3489, 73 L.Ed.2d 1371 (1982).

The most recent New Mexico case involving the *Pearce* rules is *State v. Cordova,* 100 N.M. 643, 674 P.2d 533 (Ct.App.1983). In *Cordova,* the record showed that the same judge imposed a greater sentence on the defendant after his successful appeal because the defendant had failed to pay restitution during the pendency of that appeal. *Id.* at 647, 674 P.2d at 537. But since the defendant "was under no legal duty except moral, perhaps, to make any restitution during the pendency of his first appeal," the Court of Appeals concluded that due process had been denied "when the trial court changed the original sentence based on the facts before this court." *Id.* at 648, 674 P.2d at 538.

In the case before us, the *Pearce* based presumption of vindictiveness was triggered when the trial court imposed the nine year sentence on defendant after his jury convictions, in contrast with the six year sentence which he successfully overturned on his first appeal. There are several factors which combine to support a conclusion that the record is sufficient to meet the requirements of *Pearce.*

First, the defendant's jury trial was conducted, and the second sentence was imposed, by a different judge than the one whose original decision was reversed in defendant's first appeal. In *Chaffin,* the United States Supreme Court observed:

As was true in *Colten,* the second sentence is not meted out by the same judicial authority whose handling of the prior trial was sufficiently unacceptable to have required a reversal of the conviction. Thus, the jury, unlike the judge who has been reversed, will have no personal stake in the prior conviction and no motivation to engage in self-vindication.

412 U.S. at 27, 93 S.Ct. at 1983. To be sure, this statement was made in a context of discussing "distinguishing factors between jury and judicial sentencing." *Id.* The fact that a different judge imposed the second sentence does not alone dispose of the vindictiveness inquiry. *State v. Cruz,* 123 Ariz. 497, 600 P.2d 1129 (Ct.App.1979). However, it is at least a relevant factor to be considered in analyzing the second sentence. Where a different judge presides over the later trial and imposes the second sentence, the possibilities of vindictiveness are greatly reduced. *See City of Farmington v. Sandoval,* 90 N.M. 246, 561 P.2d 945 (Ct.App.1977).

Second, defendant's original six year sentence was based on a guilty plea. Consequently, the circumstances of the crime were not fully brought to the attention of the first judge. The subsequent sentence for nine years was based on jury verdicts following a full-scale trial involving two days of testimony in which the circumstances were fully explored. Along with the jury, the court thus heard in full detail the evidence in this case.

Third, the nine year sentence imposed on the jury's verdicts was actually a reduction from twelve years imprisonment which the probation authorities had recommended in their presentence report. After considering all the evidence and reports available at the sentencing hearing, the trial court observed:

Well, I think the recommendation of the probation department in this case is unduly severe. On the other hand, I can't ignore the fact of what happened. I can't ignore the fact of the psychological impairment that probably was suffered by the victim in this case.

I'm going to consider this, even though there were two counts, as basically one act, and I am going to impose a basic sentence of three years as to Count I [CSP] and a basic sentence of nine years as to Count II [kidnapping], to run concurrently.

Mr. Sisneros, I realize you've been out for some time since this occurred in the first place, but I heard the evidence in this case, I feel that you were guilty, I feel it was an unjustified act and I feel you're going to have to pay the price.

Fourth, the trial court considered the matter further in connection with the defendant's motion to reconsider the sentence. In the hearing on that motion, the State observed that two new psychological evaluations submitted by the defendant reflected that he had no feeling of remorse.

In ruling on the motion to reconsider, the trial court observed:

> The court's gone through these evaluations, and the court has given this matter a fair amount of thought over the noon hour, when I had some time to think about it. The thing that bothers me about this case is the total denial of the rape by the Defendant. I realize he has his rights; he went in front of the jury—the jury didn't believe him, I didn't either. Motion denied.

These circumstances raise two distinct considerations supporting an increased sentence after reconviction: (1) a degree of leniency is traditionally accorded a defendant who enters a guilty plea, but these considerations may not apply when a plea has been withdrawn and a trial ensues; and (2) the sentencing judge who conducts a full-scale trial becomes fully exposed to the detailed circumstances of the crime and the defendant's conduct, and thus is more informed of the incidents involved than a judge customarily is in connection with a guilty plea.

One or both of these considerations have been recognized in a number of cases as supporting an increased sentence in light of *Pearce*. *State v. Stubbendick*, 110 Wis.2d 693, 329 N.W.2d 399 (1983) (both factors); *Frank v. Blackburn*, 646 F.2d 873 (5th Cir.1980), *cert. denied*, 454 U.S. 840, 102 S.Ct. 148, 70 L.Ed.2d 123 (1981) (en banc); *United States v. Kienlen*, 415 F.2d 557 (10th Cir.1969) (more detailed factual understanding after trial); *accord, United States v. Cunningham*, 529 F.2d 884 (6th Cir.1976); and *State v. Taylor*, 22 Wash. App. 308, 589 P.2d 1250 (1979). *See also United States v. Hayes*, 676 F.2d 1359 (11th Cir.) (new evidence at second trial, not admitted at first, may shed important new light on defendant's conduct and justify increased sentence), *cert. denied*, 459 U.S. 1040, 103 S.Ct. 455, 74 L.Ed.2d 608 (1982) and Justice Black's separate opinion in *Pearce*, 395 U.S. at 742–43, 89 S.Ct. 2072, 2084–85, 23 L.Ed. 656 (both factors recognized as legitimate reasons for an increased sentence after trial or remand from revenue bond on guilty plea).

*Stubbendick* involved facts and issues similar to this case. Under a plea bargain, the defendant entered a no contest plea to sexual assault. He was sentenced to six years imprisonment and a related burglary charge was dismissed. He then made a motion to the trial court to withdraw his plea. The motion was granted, and he went to trial before a jury on the sexual assault charge and the reinstated burglary charge. After two new trials, the defendant was ultimately convicted by juries on both charges. Defendant was sentenced by the same judge, who had previously imposed the six year term, to concurrent terms of ten years on the burglary and sexual assault charges. After the judge denied the motion to modify his sentence, defendant appealed. The Wisconsin Supreme Court affirmed the trial court's increased sentence. That Court found no vindictiveness on the part of the trial court judge in imposing the longer sentence and

**684**

found that three newly known objective factors justified the four year increase and fulfilled the *Pearce* requirements. These factors were: "(1) leniency based on a plea agreement is not necessarily applicable at a resentencing after trial; (2) defendant's poor prospects for rehabilitation; and (3) amplified knowledge of the defendant's criminal activity obtained from the trial." 110 Wis.2d at 700, 329 N.W.2d at 403.

In the case before us, there is more than substantial evidence in the record of the proceedings after remand to support the increased sentence imposed by a different judge after a full-scale trial and after a thorough consideration of relevant information. The trial court heard the full details of the crime, considered the nine year sentence appropriate in light of the brutal harm to the victim, considered the lack of remorse, and actually reduced the independent sentence recommendations which the probation department had made in its presentence report.

This Court is of the opinion that the increased sentence was imposed by the trial judge for reasons wholly unrelated to judicial vindictiveness against the defendant for having pursued his legal rights in the second trial and on appeal from his first conviction and sentence. The standards prescribed by and the spirit of *Pearce* and its progeny have been met. The trial court's sentence is affirmed.

IT IS SO ORDERED.

SOSA, Senior Justice, and RIORDAN and STOWERS, JJ., concur.