749 P.2d 80
**Federico ORTIZ, Petitioner,**

v.

**STATE of New Mexico, Respondent.**
**No. 16900.**

Supreme Court of New Mexico.

Feb. 1, 1988.

Jacquelyn Robins, Chief Public Defender, Deborah A. Moll, Asst. Appellate Defender, Santa Fe, for petitioner.

Hal Stratton, Atty. Gen., Gail MacQuesten, Asst. Atty. Gen., Santa Fe, for respondent.

## OPINION

RANSOM, Justice.

This case is before the Court on a writ of certiorari to the court of appeals. In his appeal from a felony conviction for holding or using an altered license plate in violation of NMSA 1978, Section 66–8–3(D), the defendant raised three issues: (1) whether the trial court erred in giving jury instructions that did not contain an essential element of the charge; (2) whether the trial court erred in refusing to submit defendant's requested mistake of fact instruction; and (3) whether the conviction of using an altered plate was supported by substantial evidence.

We conclude that the jury instructions failed to inform the jury of an essential element of the crime charged. We reverse the court of appeals and remand for a new trial. In reaching our decision, we adopt in large measure the reasoning of Judge Fruman's dissent in the court of appeals. We also concur with Judge Fruman's treatment of the remaining two issues. The facts of this case are set forth in the opinion of the court of appeals and will not be repeated here.

Section 66–8–3 in its entirety provides: It is a felony for any person to commit any of the following acts:

A. to alter with fraudulent intent any certificate of title, registration evidence, registration plate, validating sticker or permit issued by the division;

B. to forge or counterfeit any such document or plate purporting to have been issued by the division;

C. to alter or falsify with fraudulent intent or to forge any assignment upon a certificate of title; or

D. to hold or use any such document or plate, knowing the same to have been so altered, forged or falsified.

We agree with the court of appeals that, under subsection (D), the legislature intended to create an offense for the use of

a registration plate that had been altered with fraudulent intent. That interpretation follows from a plain reading of the words "so altered." Further, we agree with Judge Fruman that a defendant's knowledge that the plate was altered with fraudulent intent is an essential element of subsection (D).

The applicable jury instruction did not substantially track this language of the statute; and where instructions fail to apprise the jury of an essential element, reversible error will be found to have been committed. *State v. Bell,* 90 N.M. 134, 560 P.2d 925 (1977).

■ The jury instruction given by the trial court as to the elements of a violation of subsection (D) reads in part:

> For you to find the defendant guilty of holding or using an altered license plate * * * the state must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:
>
> 1. The defendant held or used a license plate which had been altered;
>
> 2. At the time he used or held the license plate, the defendant knew it had been altered * * *.

We fail to discern the manner in which the word "altered" sufficiently conveyed to the jury the requirement that when the defendant used the plate he knew that it had been altered with fraudulent intent. The court of appeals maintains that the common meaning of an *alteration* is a change in the legal significance or effect of an item. The court of appeals reasoned further that because this was a criminal prosecution the jury would understand that there had to be an illegal alteration.

■ The plain meaning of "alter" is to cause to become different in some particular characteristic without changing into something else. *Webster's Third New International Dictionary Unabridged,* 63 (1971). The word "alter" does not by itself convey a deceptive or fraudulent change. For example, a person legally may tape over the motto "Land of Enchantment" on the New Mexico registration plate. *See Wooley v. Maynard,* 430 U.S. 705, 97 S.Ct.

1428, 51 L.Ed.2d 752 (1977) (under the first amendment of the U.S. Constitution a state cannot prohibit the removal of a slogan from a license plate.) This action would alter the registration plate but it would be without fraudulent intent because the plate would not deceive the authorities regarding the true registration number or registration date. *See* NMSA 1978, § 66–3–18 (Repl.Pamp.1984 & Cum.Supp.1987). Moreover, it would be erroneous to conclude that, simply because this was a criminal prosecution, a jury would infer from the word "altered" the requirement that the alteration be with fraudulent intent.

The court of appeals misplaces reliance on *State v. Puga,* 85 N.M. 204, 510 P.2d 1075 (Ct.App.1973). On a charge of robbery, *Puga* considered the sufficiency of an instruction to convey the essential element of intent to steal. The jury instruction at issue followed statutory language which failed to use specifically the word "intent." The court concluded that although the instruction need not use the word "intent," the words used in the instruction "must inform the jury of any intent which is an element of the crime charged." *Id.* at 207, 510 P.2d at 1078. In holding that the words used were sufficient, the court concluded that use of the word "theft" within the instruction conveyed the necessity to find intent to steal because " 'theft' means a taking 'with intent to deprive the rightful owner' of that which is taken." *Id.* (Citation omitted.)

■ Finally, we address the State's contention that, even if knowledge that the plate was altered with fraudulent intent is an essential element, failure to so instruct was not jurisdictional error because the fraudulent purpose of the alteration was not disputed at the trial. *See State v. Bell,* 90 N.M. at 140, 560 P.2d at 931 (1977). It is argued that, because Ortiz did not object at trial or tender a proper instruction, he may not raise this nonjurisdictional issue for the first time on appeal. *See id.* at 143, 560 P.2d at 934.

In *Bell,* a defendant convicted of criminal sexual penetration claimed the trial court erred in failing to instruct the jury that it

must find that the victim was not the defendant's spouse. The defendant had raised this issue initially on appeal. The Court focused upon whether proof the victim was other than the defendant's spouse was an essential element of the charged offense. If proof of this element was essential, the error was jurisdictional and properly could be raised on appeal, notwithstanding the failure to preserve it. *Id.* at 140, 560 P.2d at 931.

The *Bell* court held that the trial court did not commit jurisdictional error. The Court decided that whether the victim was the defendant's spouse simply was not factually at issue. The victim testified that she never had seen the defendant before he assaulted her, and the defendant testified that he never had seen the victim prior to her appearance in court. Further, the Court determined that this element was not essential to the offense of criminal sexual penetration. Rather, the definitional component of "other than one's spouse" was a subsidiary fact bearing upon the element of consent.

Here, the record indicates that the essential element of knowledge of the fraudulent alteration was not conceded affirmatively by Ortiz. *Bell*, therefore, supports the claim of jurisdictional error. It does not matter that the appearance of the license plate provided abundant circumstantial evidence that the plate had been altered to deceive law enforcement authorities. Ortiz disavowed that he had knowledge of the plate's appearance until it was pointed out to him by the arresting officer. He did not concede that, had he seen it, he would have known it was altered with fraudulent intent. While the jury clearly could find against Ortiz on the facts, the trial court was required to instruct on the essential element of knowledge that was factually at issue.

The instruction given did not require the jury to find as it must that the defendant knew that the plate he was using had been altered with fraudulent intent. We reverse the court of appeals and remand to the district court for a new trial.

IT IS SO ORDERED.

SCARBOROUGH, C.J., SOSA, Senior J., and WALTERS, J., concur.

STOWERS, J., dissents.

STOWERS, Justice, dissenting.

I respectfully dissent. I believe that the jury instruction as given sufficiently conveyed the essential elements of NMSA 1978, Section 66–8–3(D).

To alter means "to become different; change." *Webster's New World Dictionary* 40 (2d ed. 1980). The associated concepts to alter listed in a legal thesaurus include "alter a document, alter a will, forgery, fraud." W. Burton, *Legal Thesaurus* 21 (1980). As stated by the court of appeals' majority opinion below: "In the context of items with legal significance, the common meaning of an alteration is a change in the legal significance or effect of the item. *Webster's New International Dictionary, Unabridged,* 76 (2d ed. 1955)." In view of the fact that there is no legal way provided by statute or otherwise in which a license plate can be altered, I contend that the very definition of alter, as used in a legal context, presumes an intent to defraud.

The majority concedes that the purpose of Section 66–8–3(D) is to create an offense for the use of a registration plate that has been altered with fraudulent intent. In other words, the legislature intended to prohibit the alteration and subsequent use of an altered license plate. To hold otherwise makes a nullity of the statute.

The jury instruction as given substantially follows the language of the statute and adequately conveyed what was required for a conviction. *See State v. Gunzelman,* 85 N.M. 295, 512 P.2d 55 (1973); *State v. Puga,* 85 N.M. 204, 510 P.2d 1075 (Ct.App. 1973). Therefore, I believe the defendant's felony convictions for holding or using an altered license plate in violation of Section 66–8–3(D) should be upheld.