799 P.2d 574

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**William Ray CAWLEY, a/k/a Billy Ray Cawley, Defendant–Appellant.**

No. 18634.

Supreme Court of New Mexico.

Oct. 2, 1990.

Rehearing Denied Oct. 23, 1990.

706

Max Houston Proctor, Hobbs, Rothstein, Bennett, Daly, Donatelli & Hughes, Martha A. Daly, Santa Fe, for defendant-appellant.

Hal Stratton, Atty. Gen., Charles H. Rennick, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

SOSA, Chief Justice.

Defendant, William Ray Cawley, was convicted in March 1989 of rape of a child [1], criminal sexual contact of a minor, and one count of contributing to the delinquency of a minor. Defendant pleaded *nolo contendere* to four other counts of contributing and was acquitted on one count of cocaine possession. Defendant's motion for a new trial was denied. The district court imposed the basic sentence for each crime, enhanced each due to aggravating circumstances, and ordered the sentences to run consecutively for a total of life in prison plus fourteen years [2]. We affirm.

Defendant challenges five of his seven convictions, which include two on the *nolo*

1. The former crime of rape of a child has been repealed and recodified as the crime of criminal sexual penetration. *See* NMSA 1978, § 30–9–11 (Cum.Supp.1990).

2. In May 1989, the state initiated habitual offender proceedings against defendant on six counts, which, if successful, would enhance the basic sentence by an additional eight years for each, resulting in a total sentence of life in prison plus sixty-nine years. *See* NMSA 1978, § 31–18–17(D) (Repl.Pamp.1987, now Repl. Pamp.1990). This cause was pending at the time this opinion was filed.

*contendere* pleas, and all of the sentences imposed. Five issues are presented for our consideration:

(1) Whether the tolling provision of the criminal statute of limitations, during defendant's voluntary absence from New Mexico, violated his constitutional rights to travel and to equal protection;

(2) Whether the offense of contributing to the delinquency of a minor properly was charged in counts V and VI of the criminal information;

(3) Whether failure to instruct the jury on the time limitations involved in counts II and IV constituted jurisdictional error;

(4) Whether the trial court abused its discretion in allowing evidence of one of defendant's *nolo contendere* pleas at trial on other charges;

(5) Whether the trial court committed error in its sentencing.

As the case comes to us, the material facts are not in dispute.

*Criminal Statute of Limitations*

The issue presented is one of first impression in New Mexico. In September 1988, defendant was charged, *inter alia,* with the rape of his ten-year-old stepdaughter that allegedly occurred in May 1968. Between the dates of the alleged crime and the filing of the criminal complaint, the evidence indicated that defendant left New Mexico and resided in Texas for approximately eleven years, occasionally returning to New Mexico for business and personal matters.

The applicable statute of limitations, NMSA 1953, Section 40A–1–8(B) (Repl.Vol. 1964), required the filing of a complaint charging a first degree felony[3] to occur within ten years from the time the crime was committed.[4] *See* NMSA 1978, § 30–1–2 (Repl.Pamp.1984) (prosecutions for prior crimes shall be governed under laws existing at time such crimes were committed). However, a tolling of the statute is authorized for the period a "defen- dant shall conceal himself, or shall flee from *or go out of the state.*" NMSA 1953, § 40A–1–9(A) (Repl.Vol.1964), now NMSA 1978, § 30–1–9(A) (Repl.Pamp.1984) (emphasis added).

Defendant argues the tolling provision violates the equal protection clause of the fourteenth amendment and the privileges and immunities clause of article IV, section 2 of the United States Constitution. Defendant's argument rests upon the premise that an application of the tolling statute impaired his fundamental right to travel. He asserts the statute is overbroad, that it discriminates between residents and non-residents, and that it should be subject to strict scrutiny. He claims the tolling provision should not be applied in his case because state law enforcement officials could have used information retrieval systems to detect his whereabouts. In these circumstances, defendant alleges his absence did not prevent the state from bringing him to trial within the ten-year limitation period.

Resolution of this issue centers on the fundamental right to travel. *See Jones v. Helms,* 452 U.S. 412, 418, 101 S.Ct. 2434, 2439, 69 L.Ed.2d 118 (1980) (fundamental nature of right to travel consistently recognized by Court). However, in the criminal context, this right "is subject to qualification when it runs afoul of legitimate state interests." *Commonwealth v. Lightman,* 339 Pa.Super. 359, 365, 489 A.2d 200, 203 (1985); *see also Jones v. Helms,* 452 U.S. 412, 419, 101 S.Ct. 2434, 2440, 69 L.Ed.2d 118 (1981) (criminal conduct within state qualifies right to travel). Although New Mexico has not addressed the issue, other jurisdictions have considered similar challenges to their respective criminal statute of limitations. We find instructive the following language from *Scherling v. Superior Court of Santa Clara County,* 22 Cal.3d 493, 585 P.2d 219, 149 Cal.Rptr. 597 (1978) (In Bank):

---

**3.** NMSA 1953, Section 40A–9–4 (Repl.Vol.1964), established the crime of rape of a child under the age of thirteen as a first degree felony.

**4.** Our present statute of limitations, NMSA 1978, Section 30–1–8 (Repl.Pamp.1984), requires the filing of a complaint or criminal information within fifteen years from the commission of a first degree felony.

[T]here is clearly a distinction between one who, like defendant, leaves the state after committing a crime, resulting in the tolling of the statute of limitations during his absence, and one who has committed no crime but is deprived of a government benefit merely because he exercises his right to travel to another state. In the former circumstance, *the state has an interest in assuring that the defendant is available locally not only to enhance the possibility of detection but also to avoid the burdens of extradition proceedings*, should he be charged, his whereabouts become known, and he refuses to return voluntarily.

*Id.* at 501, 585 P.2d at 223–24, 149 Cal.Rptr. at 601–02 (emphasis added).

█ Our legislature intended the tolling statute to foreclose the barring of a prosecution due to the voluntary absence from the state by a criminal offender. *Cf. State v. Martinez*, 92 N.M. 291, 294, 587 P.2d 438, 441 (Ct.App.), *cert. quashed*, 92 N.M. 260, 586 P.2d 1089 (1978) (legislative intent of Subsection B is not to bar prosecutions due to procedural problems). The *Lightman* court correctly observed that "[t]he tolling of [the criminal statute of limitations] does not impose a penalty greater than that imposed upon criminals who remain in the state, but rather subjects those who choose to absent themselves to responsibility for a longer period of time." 339 Pa.Super. at 367, 489 A.2d at 204; *see Scherling*, 22 Cal.3d at 502, 585 P.2d at 224, 149 Cal.Rptr. at 602 (defendant not subjected to greater penalty because he left state; rather, he is faced with tolled statutory period of limitations).

█ In this case, defendant's own conduct of leaving the state immediately after the alleged incident qualified his right to travel. We thus conclude that the application of the tolling provision here did not violate defendant's right to travel, and apply the rational basis test in determining the statute's constitutionality under defendant's equal protection challenge, and not review under the strict scrutiny standard as urged by defendant. *See Richardson v. Carnegie Library Restaurant, Inc.*, 107 N.M. 688, 697, 763 P.2d 1153, 1160 (1988) (rational basis test applies to challenges to social and economic legislation); *see also Scherling*, 22 Cal.3d at 502–03, 585 P.2d at 224–25, 149 Cal.Rptr. at 602–03 (equal protection claim regarding tolling of criminal statute of limitations is measured by less rigorous rational relationship standard); *Lightman*, 339 Pa.Super. at 367, 489 A.2d at 204 (same); *State v. Sher*, 149 Wis.2d 1, 15, 437 N.W.2d 878, 883 (1989) (if fundamental right is not involved, there is only equal protection violation when legislature has made irrational or arbitrary classification).

█ The rational basis test requires classifications to be based on substantial or real distinctions and to be rationally related to the legislative goal. 107 N.M. at 694, 763 P.2d at 1159. The party objecting to the legislative classification has the burden to demonstrate that the classification bears no rational relationship to a conceivable legislative purpose. *Id.* at 695, 763 P.2d at 1160. Our discussion above leads us to conclude that the classification carved out by the tolling provision is a real distinction that is rationally related to the legislative purpose of subjecting those who voluntarily choose to absent themselves from the state to responsibility for their criminal behavior for a longer period of time. Further, the process of investigation and prosecution of a crime become more complex when a suspect leaves the jurisdiction.

The clear and unambiguous language of our tolling provision places the citizenry on notice that the criminal statute of limitations will be tolled when a criminal suspect "go[es] out of the state." *See* NMSA 1953, § 40A–1–9(A) (Repl.Vol.1964), now NMSA 1978, § 30–1–9(A) (Repl.Pamp.1984). Our statute, unlike the tolling provision addressed in *Sher*, does not distinguish between public and non-public residency. Nor does it pattern after the equivalent federal statute, which provides for tolling for "any person fleeing from justice." *See* 18 U.S.C. § 3290 (1988). Thus, we decline to follow defendant's suggestion to interpret our limitation and tolling statutes in accordance with the federal law. *See also*

*State v. Thompson,* 427 N.W.2d 266, 269 (Minn.Ct.App.1988) (federal tolling provision not applicable where state provision clearly imposes no restriction on reason for absence from state), *other issue affirmed on appeal,* 430 N.W.2d 151 (Minn.1988). Moreover, we discount defendant's assertions that the state's interests could be served by applying the tolling provision only to those defendants, residents or not, who voluntarily conceal themselves from law enforcement authorities with the intention of avoiding prosecution. Defendant's other contention that the state's interests already are served by our "summary" extradition procedures is unpersuasive as the state has a legitimate interest in avoiding the burdens involved with that process. *See* NMSA 1978, §§ 31-4-1 to -31 (Repl. Pamp.1984). Accordingly, we find no violation of defendant's constitutional guarantee of equal protection of the laws.

*Sufficiency of Two Charges of Contributing to the Delinquency of a Minor*

Defendant relies upon *United States v. Bessemer & Lake Erie Railroad Co.,* 717 F.2d 593 (D.C.Cir.1983), as authority allowing a defendant, despite the entry of a *nolo contendere* plea, to challenge an indictment so long as the argument does not look outside the four corners of the document. The *Bessemer* court held that entry of a plea of *nolo contendere* did not bar review of defendant's claim that the indictment failed to charge an offense, but that a *nolo* plea would foreclose (1) consideration of any argument relying on facts not within the four corners of the charging document and (2) any interpretation of the indictment requiring the government to respond with additional explanatory facts. 717 F.2d at 598.

In the case at bar, defendant contends the prosecution failed to charge properly on two counts of contributing to the delinquency of a minor, a fourth degree felony[5], thus depriving the district court of subject matter jurisdiction. *Nolo contendere* pleas were entered on counts V and

VI, which alleged the nature of the crime and the time of the criminal conduct as "during the months of July through September, 1983," and identified the minor victims. Specifically, defendant argues the applicable five-year limitation period[6] was an essential element of the crimes charged and was exceeded. He supports this argument with reference to testimony given at trial on the other charges, that one of the minors last visited defendant's house in December 1981 or 1982. Defendant asserts no claim of prejudice nor that he was ill-informed of the specific nature of the charges against him based upon allegations contained in the information. *See State v. Foster,* 87 N.M. 155, 157, 530 P.2d 949, 950 (Ct.App.1974).

It is well settled that every accused is entitled to be apprised of a crime with which he is charged in sufficient detail to permit him to prepare a defense. *State v. Pedroncelli,* 100 N.M. 678, 675 P.2d 127 (1984). A charging document need not allege time or date of offense charged unless such allegations are necessary to give a defendant notice of the crime charged. SCRA 1986, 5-205(A); *State v. Mankiller,* 104 N.M. 461, 722 P.2d 1183 (Ct.App.), *cert. denied,* 104 N.M. 378, 721 P.2d 1309 (1986).

Under the circumstances here, the time of commission of the offenses was an element unessential to the crimes charged, and thus an allegation unnecessary to the information. Unlike *State v. Mersfelder,* 34 N.M. 465, 284 P. 113 (1927), cited by defendant, where the date of the offense was a necessary element to an application of the tolling provision, the criminal information in this case, filed September 14, 1988, charged dates that were partially within the limitations period—September 14 through 30, 1983. Although an element unnecessary to provide notice of the crime charged, the time of commission of the offenses contained in the information clearly established that the applicable statute of limitations was satisfied. *See State v. Carr,* 95 N.M. 755, 626 P.2d 292 (Ct.App.),

---

5. *See* NMSA 1978, § 30-6-3 (Orig.Pamp., now Repl.Pamp.1984 & Cum.Supp.1990).

6. *See* NMSA 1978, § 30-1-8(D) (Orig.Pamp., now Repl.Pamp.1984).

*cert. denied,* 95 N.M. 669, 625 P.2d 1186, *cert. denied,* 454 U.S. 853, 102 S.Ct. 298, 70 L.Ed.2d 145 (1981). Defendant acknowledges this fact in his reply brief, and his *nolo contendere* pleas did not deny that the acts could have been committed within the limitation period. *See State v. Baca,* 101 N.M. 415, 417, 683 P.2d 970, 972 (Ct. App.1984) (plea of *nolo contendere* amounts to confession of guilt solely for purpose of case in which it was entered). As a result, we hold the criminal information sufficiently charged the offenses, and the convictions on these two counts of contributing to the delinquency of a minor are affirmed.

### Jury Instruction on Time Limitation

Defendant entered not guilty pleas and stood trial on count II, charging criminal sexual contact of a minor, a third degree felony [7], and on count IV, charging contributing to the delinquency of a minor, a fourth degree felony. The evidence indicates the victim was the same for each offense and that the incident giving rise to the charges occurred on one occasion "during the month of September, 1983." Defendant contends the district court erred by failing to instruct the jury on time limitation, arguing it is an essential element of the offenses charged.

■■■■ Generally, an instruction that parallels the language of the statute and contains all essential elements of the crime is sufficient. *State v. Jennings,* 102 N.M. 89, 691 P.2d 882 (Ct.App.), *cert. quashed,* 102 N.M. 88, 691 P.2d 881 (1984); *cf. Ortiz v. State,* 106 N.M. 695, 697, 749 P.2d 80, 82 (1988) (reversible error committed where applicable jury instruction failed to substantially track statutory language and failed to apprise jury of an essential element). In the present case, the record shows the instructions given on these two counts tracked the language of the respective statutes and were in the approved form under our Uniform Jury Instructions. *See* NMSA 1978, § 30–9–13; SCRA 1986, 14–925; NMSA 1978, § 30–6–3; SCRA 1986, 14–601.

■■■■ In order for time limitation to be considered an essential element of the charges, the information and the evidence must fail to show that the offenses occurred within the limitation period, making it necessary to instruct the jury on the limitation period to avoid giving the jury a misleading or prejudicial instruction regarding the nature of the charges against the defendant. *See State v. Salazar,* 86 N.M. 172, 174, 521 P.2d 134, 136 (Ct.App. 1974). Here, time limitation was not an essential element of the offenses of contributing to the delinquency of a minor and criminal sexual contact of a minor. Trial testimony revealed the victim's birthday as October 8, and that the offenses occurred within a week or two of her birthday. Assuming the maximum two week period, the offenses could have occurred no earlier than September 24, a date within the five-year limitations period applicable to each charge.[8] Based upon the instructions given, it is possible for the jury to have found that the offenses charged fell within the limitation period. A review of the record indicates that the instructions given neither misled nor prejudiced the jury regarding this issue. No error was committed by the court's failure to instruct the jury on time limitations in connection with the charges at issue. The convictions are affirmed.

Finally, because of our holding above that time limitation was not an essential element of the offenses charged, we find it unnecessary to address the jurisdictional issue of whether any error properly was raised below. *See Ortiz,* 106 N.M. at 698, 749 P.2d at 83 (if proof of element is essential and court fails to instruct thereon, jurisdictional error occurs and issue could be raised on appeal notwithstanding failure to preserve it); *State v. Jennings,* 102 N.M. at 93, 691 P.2d at 886 (same).

### Evidence

■■■ During the trial defendant took the stand on his own behalf and testified that

---

7. *See* NMSA 1978, § 30–9–13 (Orig.Pamp., now Repl.Pamp.1984 & Cum.Supp.1990).

8. *See* NMSA 1978, § 30–1–8(D) (Orig.Pamp., now Repl.Pamp.1984).

his only experience in an adult bookstore took place in Clovis, except when he repaired an air conditioner in a bookstore in Hobbs. One of the counts of contributing to the delinquency of a minor to which defendant entered a *nolo contendere* plea involved the taking of two minor females into an adult bookstore in Hobbs. Upon the state's request, the district court permitted evidence of this plea to impeach defendant's testimony. By objection, defendant invoked the court's determination as to whether the probative value of the evidence outweighed the prejudice necessarily resulting to the defendant. *See State v. Holden,* 45 N.M. 147, 160, 113 P.2d 171, 179 (1941) (trial court may limit cross-examination when probative value outweighs prejudicial effect).

Defendant claims the court erred in its determination, alleging the evidence was more prejudicial than probative, and that the court abused its discretion by allowing the questioning to proceed beyond the fact of conviction and name of the offense into the details underlying that conviction. *See State v. Clark,* 80 N.M. 91, 451 P.2d 995 (Ct.App.), *reversed on other grounds,* 80 N.M. 340, 455 P.2d 844 (1969). However, because defendant denied being in the Hobbs bookstore other than to repair the air conditioner, the state was entitled to impeach his testimony with evidence that he had been in that bookstore with the minor females. *See* SCRA 1986, 11–609(A).

A defendant "is not entitled to have his testimony falsely cloaked with reliability by having his credibility protected against the truth-searching process of cross-examination." *State v. Lindsey,* 81 N.M. 173, 181, 464 P.2d 903, 911 (Ct.App.1969), *cert. denied,* 81 N.M. 140, 464 P.2d 559 (1970). Accordingly, the district court did not abuse its discretion in allowing evidence of defendant's prior conviction. *See State v. Williams,* 76 N.M. 578, 582, 417 P.2d 62, 65 (1966) (discretion of trial court in controlling extent of cross-examination of accused will not be disturbed on appeal unless action was obviously erroneous, arbitrary and unwarranted).

*Sentencing*

Defendant received consecutive sentences of life imprisonment on count I, rape of a child; three years followed by two years parole on count II, criminal sexual contact of a minor; and, eighteen months followed by one year parole each on counts III–VII, contributing to the delinquency of a minor. Upon the finding of aggravating circumstances, the court enhanced the sentence an additional three and one half years for a total sentence of life imprisonment plus fourteen years followed by two years parole.

Defendant challenges sentencing on two grounds: (1) that the court improperly considered a possibility of reversal on the conviction for rape of a child, and (2) that the court improperly considered the minority of the victims as an aggravating circumstance.

Defendant bases the first argument upon preliminary remarks made by the court before the imposition of sentence. The court first addressed the issue of rehabilitation for persons with defendant's "problem." In general terms, it reaffirmed the conviction of the verdict and judgment. Regarding defendant's conviction on count I, the court then speculated upon a possible argument for reversal of the conviction. Defendant surmises the court considered the possibility of a successful appeal in imposing its sentence for count I. Defendant characterized the court's remarks as "anticipatory judicial vindictiveness" and claimed to find support in *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

In *State v. Sisneros,* 101 N.M. 679, 687 P.2d 736 (1984), this court first applied the rules established in *Pearce,* which concern due process requirements for resentencing defendants who had been reconvicted after a successful appeal. Both Courts were concerned that vindictiveness against a defendant for having successfully attacked his first conviction should not be factored into a sentence imposed after the second trial. "[T]he fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collateral-

ly attack his first conviction[.]" 395 U.S. at 725, 89 S.Ct. at 2080. The analysis set forth in *Pearce* is triggered by the imposition of a harsher sentence following appeal than that entered after the first trial. 101 N.M. at 680, 687 P.2d at 737. However, we find *Pearce* inapplicable to a case wherein the sentence has been imposed upon conviction in the first trial prior to an appeal, and decline to extend the holdings in *Pearce* and *Sisneros* to a claim of "anticipatory judicial vindictiveness."

Although the district court remarked about the possibility of a reversal with respect to count I, there is no indication that the court considered it as a basis for the sentence. The sentence imposed was within the range afforded by the sentencing statutes and we find no abuse of discretion by the district court. *See State v. McCall,* 101 N.M. 616, 631, 686 P.2d 958, 973 (Ct.App.1983) (if sentence imposed accords with law regarding sentencing, it is not abuse of discretion for trial court to impose lawful sentence).

■ Defendant's other claimed error, although not raised before the trial court, concerns whether the court improperly considered the fact of the minority of the victims as an aggravating circumstance since it is an essential element of each crime. Defendant contends any consideration of the victims' minority as an aggravating circumstance for purposes of enhancement exposed him to double jeopardy. While the trial court, in its judgment and sentence, did list as an aggravating circumstance the fact that "the victims ... were minor children," those remarks can be read as a permissible factor for consideration as set forth in *State v. Segotta,* 100 N.M. 498, 672 P.2d 1129 (1983).

The *Segotta* court listed the following factors for consideration as aggravating circumstances: "unusual aspects of the defendant's character, past conduct, age, health, any events surrounding the crime, pattern of conduct indicating whether he or she is a serious threat to society, and the possibility of rehabilitation." *Id.* at 501, 672 P.2d at 1132. The trial court properly could have considered the fact of minority in relation to a pattern of defendant's conduct as an aggravating circumstance. Therefore, the trial court's consideration of the victims' minority did not violate NMSA 1978, Section 31–18–15.1 (Repl.Pamp.1987, now Repl.Pamp.1990), nor expose him to double jeopardy. *See State v. Bernal,* 106 N.M. 117, 739 P.2d 986 (Ct.App.), *cert. denied,* 106 N.M. 81, 738 P.2d 1326 (1987); *State v. Wilson,* 97 N.M. 534, 641 P.2d 1081 (Ct.App.), *cert. denied,* 98 N.M. 50, 644 P.2d 1039 (1982). Moreover, other aggravating circumstances considered by the court were defendant's failure to show any remorse, admission of guilt, or willingness to seek counseling unless forced to do so. At the sentencing hearing, the court also noted that defendant's conduct occurred over an extended period of time, his disinterest in any type of rehabilitation or treatment, and his failure to accept responsibility for his action.

Accordingly, the judgment and sentence of the trial court are affirmed.

IT IS SO ORDERED.

RANSOM and BACA, JJ., concur.