This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                            **NO. 29,821**

**JAMES BOUNDS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Jane Shuler Gray, District Judge**

Gary K. King, Attorney General
Margaret McLean, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Defendant appeals his convictions for driving while license suspended or revoked, possession of drug paraphernalia, and false evidence of title and registration. The notice proposed to affirm, as well as to remand for the limited purpose of correction of the sentence. Defendant filed a timely memorandum in opposition, and the State filed a timely response in agreement with a limited remand. We remain unpersuaded by Defendant's arguments. For this reason, we affirm and remand for correction of sentence.

Defendant continues to argue that there was insufficient evidence to support his convictions for false evidence of title and registration and for possession of drug paraphernalia. **[MIO 3]** We review the evidence to determine "whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Sutphin*, 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988). Under this standard, "[w]e view the evidence in the light most favorable to supporting the verdict and resolve all conflicts and indulge all inferences in favor of upholding the verdict." *State v. Hernandez*, 115 N.M. 6, 26, 846 P.2d 312, 332 (1993). We do not re-weigh the evidence nor substitute our judgment for that of the factfinder, so long as there is sufficient evidence to support the verdict. *Sutphin*, 107 N.M. at 131, 753 P.2d at 1319.

We address first Defendant's conviction for false evidence of title and registration. **[RP 51, 102]** This conviction requires that Defendant, on October 30, 2008, held or used a registration plate or validation sticker that had been altered, forged, or falsified with fraudulent intent; and that Defendant knew the registration plate or validation sticker had been so altered, forged, or falsified. **[RP 61; MIO 4]** *See* NMSA 1978, § 66-8-3(D) (1978); *see also State v. Ortiz*, 106 N.M. 695, 697, 749 P.2d 80, 82 (1988) (holding that a conviction for using an altered plate requires findings that the plate was altered with fraudulent intent and that the defendant used the plate knowing that it was altered with fraudulent intent).

The facts provide that, on October 30, 2008, officers stopped Defendant after the vehicle driven by Defendant changed lanes and almost struck an officer's vehicle. **[MIO 1; RP 7]** During the course of the stop, an officer noticed that, although Defendant's vehicle had a validation sticker, the sticker was partially covered by a portion of a different sticker glued over the original license plate. **[ MIO 2, 4; RP 7]** When questioned about the sticker, Defendant stated that he was aware of the alteration. **[MIO 2; RP 7]**

We hold that the foregoing facts support Defendant's conviction for using an altered license plate, registration sticker, or validating sticker with knowledge of the alteration. *See State v. Sparks*, 102 N.M. 317, 320, 694 P.2d 1382, 1385 (Ct. App.

1985) (defining substantial evidence as that evidence that a reasonable person would consider adequate to support a defendant's conviction). Given that a portion of a different registration sticker had been glued over the underlying sticker, a jury could reasonably conclude that the sticker had been altered with the intent to deceive authorities regarding the true registration number or registration date, such that the registration would appear to be valid when in fact it was not. **[RP 7]** And even if Defendant may not have himself altered the sticker **[MIO 2; RP 7]**, the jury could have reasonably inferred from the manner in which the sticker was altered, along with Defendant's admission that he knew the sticker was altered, that Defendant knew the sticker was altered with fraudulent intent. *See State v. Ortiz*, 106 N.M. at 698, 749 P.2d at 83 (indicating that a jury could find against a defendant on the facts, even when the defendant disavowed that he had knowledge of the plate's appearance until it was pointed out to him by the arresting officer).

We further recognize that Defendant told Deputy Hutchinson that he himself did not alter the plate **[MIO 2; RP 7]**, that the car had been loaned to Defendant **[MIO 2]**, and that witness Robyn Coleman testified at trial that she had altered the license plate sticker without Defendant's knowledge. **[MIO 2]** However, Defendant's conviction for using an altered plate does not require that he himself altered it, but only that he used a registration sticker that he knew had been altered

4

with a fraudulent intent. *See* § 66-8-3(D) (conviction based on use of a plate altered with fraudulent intent). We note further that the jury may have also considered the circumstance that Defendant was driving with a suspended or revoked license **[MIO 2]** and concluded that this provided a motive for Defendant to use a fraudulently altered sticker for purposes of avoiding detection. *See State v. Allen*, 2000-NMSC-002, ¶ 65, 128 N.M. 482, 994 P.2d 728 (filed 1999) (stating that circumstantial evidence may be used to prove intent).

We next address Defendant's conviction for possession of drug paraphernalia. This conviction requires that, on October 30, 2008, Defendant had drug paraphernalia, a glass pipe, in his possession; and that Defendant intended to use the drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, re-pack, ingest, inhale or otherwise introduce into the human body, a controlled substance. *See* NMSA 1978, § 30-31-25.1(A) (2001). **[RP 51, 60; MIO 4]**

While officers were talking to Defendant, Deputy Hutchinson heard an item fall and hit the ground. **[RP 7; MIO 2]** Deputy Hutchinson heard Captain Newman ask Defendant about the glass pipe he broke **[RP 7]**, and both Deputy Hutchinson and Captain Newman observed Defendant stepping on a broken glass pipe. **[RP 7; MIO 2, 4]** Witness Robyn Coleman also testified that she had seen the glass pipe in the

vehicle. **[MIO 2]**

We hold that the foregoing facts support Defendant's conviction for possession of drug paraphernalia. *See State v. Sparks*, 102 N.M. at 320, 694 P.2d at 1385 (defining substantial evidence as that evidence that a reasonable person would consider adequate to support a defendant's conviction). In this regard, the jury could have reasonably relied on Defendant's proximity to the paraphernalia, together with his action of stepping on the broken pipe, to conclude that Defendant was in possession of the pipe and exercised control over it by discarding it from the vehicle and then stepping on its broken glass in an apparent effort to conceal it from the authorities. *See State v. Phillips*, 2000-NMCA-028, ¶ 8, 128 N.M. 777, 999 P.2d 421 (recognizing that "[c]onstructive possession exists when the accused has knowledge of drugs or paraphernalia and exercises control over them" and that "[t]he accused's own conduct may afford sufficient additional circumstances for constructive possession").

We similarly conclude that the jury could infer, from Defendant's act of stepping on the pipe, a culpability such that he intended to use the pipe to ingest a controlled substance. *See State v. Higgins*, 107 N.M. 617, 621, 762 P.2d 904, 908 (Ct. App. 1988) (holding that "a material fact necessary to support a verdict may be proved by inferences"). In addition, the jury could have reasonably considered witness

6

Robyn Coleman's testimony that the pipe "looked like it was dirty" **[DS 5; MIO 2]** as circumstantial evidence that the pipe was used to ingest a controlled substance. While Coleman may have additionally opined that it looked like the pipe "had not been used for a while," **[DS 5; MIO 2]** the jury could have inferred that the dirty pipe, used in the past, was intended by Defendant to again be used in the future. *See id.* And while Defendant denied that the pipe was his **[MIO 2, 5]**, it was within the jury's prerogative to reject his version of the events. *See Sutphin*, 107 N.M. at 131, 753 P.2d at 1319 (the factfinder may reject the defendant's version of an incident). Lastly, Defendant's conviction for possession of drug paraphernalia is not dependent on whether Defendant appeared to be under the influence of drugs **[DS 6]**, as the jury could have surmised that Defendant had the pipe for the purpose of ingesting a controlled substance even though at the time of the stop he was not doing so.

Finally, the judgment and order partially suspending sentence **[RP 102]** states that Defendant was convicted for a violation of Section 66-8-3(A), even though the amended criminal information **[RP 51]** and submitted jury instruction **[RP 61]** relate to Section 66-8-3(D). We therefore affirm for the reasons stated above and remand for the limited purpose of correcting the judgment and order partially suspending sentence to reflect that Defendant was convicted for a violation of Section 66-8-3(D).

**Conclusion.** Based on the foregoing discussion, we affirm Defendant's

convictions and remand for the limited purpose of correcting the judgment and order partially suspending sentence.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**ROBERT E. ROBLES, Judge**