This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42439**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JOSHUA BENALLY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Stephen Wayne, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Maria A. Pomorski, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BACA, Judge.**

**{1}** This matter was submitted to this Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to this Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Defendant appeals from the district court's order revoking his probation, imposing a sentence of eleven years and almost two months in prison, which includes eight years of habitual offender enhancements, consisting of two four-year enhancements that were run consecutively. [(637) RP 146-48; (695) RP 101-03] Defendant raises two issues on appeal. First, Defendant challenges the sufficiency of the evidence to establish that he willfully violated Conditions Two through Four of his order of probation. [BIC 6-8] Second, Defendant challenges the district court's sentence as imposing a cruel and unusual punishment. [BIC 9-12]

**Probation Revocation**

**{3}** Defendant contends that the evidence was insufficient to prove that he violated Conditions Two, Three, and Four of his probation. [BIC 6-8] Defendant's brief in chief specifically states that he does not dispute that he violated Condition One. [BIC 6 n.2] Defendant's violation of Condition One was his most serious and least technical violation of probation; he committed new criminal offenses and endangered both Remus Jackson and Alanda Johnson, as found by the district court. [BIC 6; (637) RP 90-91, 146; (695) RP 42-43, 101] For these new crimes, Defendant was charged with aggravated battery causing great bodily harm and battery against a household member in Case Number D-1116-CR-2024-00592. Odyssey shows that about three months after Defendant's probation violation hearing in the current case, Defendant entered into a habitual offender plea agreement in D-1116-CR-2024-00592, by which he pled guilty to aggravated battery causing great bodily harm.

**{4}** Because Defendant does not dispute that he violated Condition One of his probation by committing new criminal offenses and does not describe the evidence the State presented establishing Defendant's violation of the law and endangerment of Remus Jackson and Alanda Johnson, Defendant has waived any argument that he violated probationary Condition One. *See State v. Laney*, 2003-NMCA-144, ¶ 1, 134 N.M. 648, 81 P.3d 591 (recognizing that issues not raised in the brief in chief are waived); *cf. Pirtle v. Legis. Council Comm. of N.M. Legislature*, 2021-NMSC-026, ¶ 58, 492 P.3d 586 (explaining that, as a general rule, appellate courts do not decide issues that have not been raised); Rule 12-318(A)(3) NMRA ("A contention that a verdict, judgment, or finding of fact is not supported by substantial evidence shall be deemed waived unless the summary of proceedings includes the substance of the evidence bearing on the proposition."). Nevertheless, even if Defendant has not waived a challenge to the evidence supporting his violation of Condition One, there was sufficient evidence, in the form of victim and officer testimony to support the probation violation. [(637) 122-24, 129-30; (695) RP 77-79, 84-85]

**{5}** This Court does not need to address the sufficiency of the evidence to support any other violation of the terms of Defendant's probation because "if there is sufficient evidence to support just one violation, we will find the district court's order was proper." *See State v. Leon*, 2013-NMCA-011, ¶ 37, 292 P.3d 493. We see nothing unfair about affirming on the basis of one probation violation in this case, given that it was the most grievous of the violations alleged and because Defendant signed the order of probation

advising him that his probation could be revoked if he violated any one of the conditions listed in the order. [(637) RP 92; (695) RP 44] *See id.* Based on the foregoing, we affirm the revocation of Defendant's probation.

**Sentencing**

{6}     Lastly, Defendant contends that by running his four-year habitual offender enhancements consecutively, the district court imposed a cruel and unusual punishment for a first violation of probation in this case. [BIC 9-12] When considering a claim of cruel and unusual punishment upon sentencing after the revocation of probation, the defendant is not being punished for violating probation; the defendant is being punished for the underlying offenses. *State v. Sanchez*, 2001-NMCA-060, ¶¶ 26-27, 130 N.M. 602, 28 P.3d 1143.

{7}     In the district court cases before us, Defendant was convicted of criminal damage to the property of a household member and aggravated battery of a household member causing great bodily harm, having pleaded guilty to these charges as a part of a repeat offender plea and disposition agreement. [(637) RP 68-74, 85-89; (695) RP 20-26, 37-41] Defendant's sentences for these felonies were run consecutively for a total term of incarceration of four years and six months, which was suspended so that Defendant would serve his term on supervised probation under the various conditions of probation. [(637) RP 85-89; (695) RP 37-41] Under Defendant's guilty plea, he admitted to having two prior felony convictions and agreed that if he violated any of the conditions of his probation, the State will file the felony enhancements against him. [(637) RP 68-69; (695) RP 20-21] Although there was no agreement as to sentencing in the plea agreement, the State recommended that the offenses be run consecutively. [(637) RP 70; (695) RP 22] The district court agreed with the State and ran the convictions consecutively in the original judgment and sentence. [(637) RP  87; (695) RP  38] In the plea agreement, Defendant waived any and all motions, defenses, or objections to the district court's entry of a sentence that is consistent with the plea agreement, and Defendant has never moved to withdraw his plea. [(637) RP 71; (695) RP 23]

{8}     Defendant does not contend that the enhanced sentence the district court imposed upon the revocation of his probation was unauthorized by law or that his sentence violates the plea agreement. We conclude that the consecutive habitual offender enhancements the district court imposed were authorized by statute, were consistent with the plea agreement, and were consistent with the underlying judgment and sentence. *See* NMSA 1978, § 31-18-17(A) (2003) (requiring, for a new felony conviction, the imposition of a habitual offender enhancement of four years in prison based on two prior felony convictions). Although Defendant's enhanced sentence was consistent with the plea agreement and underlying judgment and sentence, neither *requires* the imposition of consecutive enhancements; thus, it is a discretionary decision for the district court revoking probation. *See State v. Triggs*, 2012-NMCA-068, ¶¶ 17-23, 281 P.3d 1256 (holding that where a plea agreement does not require that habitual offender enhancements to be served consecutively upon the revocation of probation and where the underlying judgment and sentence imposes consecutive sentencing, the

sentencing court in the probation revocation proceedings has discretion to run the habitual offender enhancements consecutively or concurrently).

**{9}** Because Defendant's constitutional argument on appeal is not grounded in a claim that his sentence was unauthorized by statute or plea agreement, his argument is nonjurisdictional and must be properly preserved for appeal. *See State v. Chavarria*, 2009-NMSC-020, ¶ 14, 146 N.M. 251, 208 P.3d 896. Defendant does not claim that he raised this cruel and unusual punishment claim in district court, and nothing in the record suggests that he did. In *Chavarria*, our Supreme Court held that where a defendant has entered an unconditional guilty plea and has not challenged the validity of the plea, the defendant has waived the right to challenge the constitutionality of his sentence on appeal. *Id.* ¶¶ 15-17. The *Chavarria* Court, therefore, refused to review the defendant's sentence for fundamental error and did not reach the merits of the defendant's cruel and unusual punishment claim. *Id.* ¶ 16.

**{10}** However, even assuming Defendant's claim could be raised on appeal from an order revoking probation, we see no fundamental error. A defendant does not have a right to a mitigated sentence, let alone a fundamental right. *See State v. Cumpton*, 2000-NMCA-033, ¶ 12, 129 N.M. 47, 1 P.3d 429. ("[A d]efendant is entitled to no more than a sentence prescribed by law."). Generally, "a statutorily lawful sentence does not constitute cruel and unusual punishment." *State v. Burdex*, 1983-NMCA-087, ¶ 15, 100 N.M. 197, 668 P.2d 313; *cf. State v. Cawley*, 1990-NMSC-088, ¶ 26, 110 N.M. 705, 799 P.2d 574 (observing that there is no abuse of discretion where the sentence falls within the range afforded by the sentencing statutes). To the extent Defendant asserts his sentence is disproportional to his offenses such that his punishment shocks the conscience and violates fundamental fairness, Defendant provides no reasoning or authority to support this argument, and we will not create one on his behalf. [BIC 11-12] *See Pirtle*, 2021-NMSC-026, ¶ 58 ("As a general rule, appellate courts rely on adversarial briefing to decide legal issues and avoid reaching out to construct legal arguments that the parties, intentionally or otherwise, have not presented."); *State v. Vigil-Giron*, 2014-NMCA-069, ¶ 60, 327 P.3d 1129 ("[A]ppellate courts will not consider an issue if no authority is cited in support of the issue and that, given no cited authority, we assume no such authority exists."). We note, however, that Defendant's convictions in the underlying cases involved the same victim and household member, who is also the household member he was accused of battering as a probation violation, and that all of Defendant's offenses pertaining to these cases, including his prior felony convictions, involve acts of violence. Under the circumstances, the conscience of this Court is not shocked by the stringent application of the habitual-offender statute as a means to redress Defendant's repeated violent behavior. *See State v. McClendon*, 2001-NMSC-023, ¶ 18, 130 N.M. 551, 28 P.3d 1092 (describing the deterrent, rehabilitative, punitive, and protective purposes of more severely punishing those who repeatedly commit serious crimes under the habitual-offender statutes).

**{11}** Based on the foregoing, we affirm the district court's order of probation revocation and the enhanced sentence.

**{12}** IT IS SO ORDERED.

**GERALD E. BACA, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Chief Judge**

**KRISTINA BOGARDUS, Judge**