654 P.2d 568

**STATE of New Mexico, Plaintiff-Appellant,**

v.

**Elias TOLLARDO, Defendant-Appellee.**

**No. 5920.**

Court of Appeals of New Mexico.

Oct. 14, 1982.

Certiorari Denied Dec. 1, 1982.

**116**

Paquin Terrazas, Taos, for plaintiff-appellant.

Tony Lopez, Jr., Friedland, Simon, Lopez, Vigil & Nelson, Taos, for defendant-appellee.

OPINION

WALTERS, Chief Judge.

The State appealed dismissal by the district court of a criminal information charging defendant with aggravated battery. We proposed summary reversal, and the defendant has filed a timely memorandum in opposition to our proposed calendar assignment.

■ The district court's order dismissing charges must be upheld on appeal if any of the reasons given by the district court is supportable. *State v. Smallwood,* 94 N.M. 225, 608 P.2d 537 (Ct.App.1980).

The district court based its dismissal of the information on the analysis that the magistrate court lost jurisdiction when it failed to hold a preliminary examination within twenty days after defendant's initial appearance, pursuant to N.M.R.Crim.P., Magis.Ct., 15(d), N.M.S.A.1978 (1981 Repl. Pamph.). The district court's written finding that defendant was not prejudiced by the delay in holding the preliminary examination in the magistrate court is not challenged by the defendant.

■ Defendant argues that the magistrate court automatically loses jurisdiction upon failing to hold a preliminary examination within the time provisions of N.M.R. Crim.P., Magis.Ct., 15(d), *supra.* N.M. Const., art. VI, § 26, N.M.S.A.1978; *State v. Vega,* 91 N.M. 22, 569 P.2d 948 (Ct.App. 1977); *State v. Ramirez,* 97 N.M. 125, 637 P.2d 556 (1981). The language of N.M.R. Crim.P., Magis.Ct., 15(d), *i.e.,* the use of the word "shall," normally would indicate that the Supreme Court has mandated a preliminary hearing within the period specified. *Alexander v. Delgado,* 84 N.M. 717, 507 P.2d 778 (1973). *But see State v. Chavez,* 88 N.M. 451, 541 P.2d 631 (Ct.App.1975). A reading of other Supreme Court procedural rules, however, leads us to the conclusion that Rule 15(d), *supra,* does not deprive the magistrate court of jurisdiction if the time limits proscribed in Rule 15(d) are not precisely followed.

N.M.R.Crim.P. 20(e), N.M.S.A.1978 (1980 Repl.Pamph.) gives the district court the

authority to remand a case to the magistrate or metropolitan court for a preliminary examination. This rule was added by a 1980 amendment. There is no authority limiting this provision only to cases which originate in district court. N.M.R.Crim.P., Magis.Ct., 3(b), N.M.S.A.1978 (1981 Repl. Pamph.), gives the magistrate court authority to enlarge the time limits proscribed by the rules, except for the time for commencement of trial or for taking an appeal, specifically limited only by the discretion of the magistrate court. The magistrate court is given limited jurisdiction over felonies, N.M.R.Crim.P., Magis.Ct., 14(c), N.M.S.A. 1978 (1982 Supp.), for purposes of holding a preliminary examination under Rule 15, *supra*. But nothing in either district court rules or magistrate court rules limits the jurisdiction of the magistrate court to the time limits specified in Rule 15, *supra;* they specifically grant limited jurisdiction to the magistrate court, by magistrate court Rule 3(b) and district court Rule 20(e), beyond the time limits prescribed in magistrate court Rule 15.

Dismissal is not the proper remedy for a delay in holding a preliminary examination when prejudice to the defendant has not been shown. *State v. Warner,* 86 N.M. 219, 521 P.2d 1168 (Ct.App.1974). It is within the discretion of the magistrate court to expand the time in which to hold the preliminary examination. N.M.R. Crim.P., Magis.Ct., 3(b), *supra*. The district court made findings that a preliminary hearing scheduled by the magistrate court within the 20-day period was rescheduled upon motion of the magistrate judge to permit the judge's attendance at a judicial conference. That constituted good cause and permissible enlargement of time under Rule 3(b). There being a further finding of no prejudice to the defendant, and no argument having been presented by the defendant to show abuse of discretion in the magistrate court, there was no error in holding the preliminary examination beyond the time prescribed by Rule 15(d), *supra*.

The district court is reversed; this case is remanded to the district court for reinstatement of the information and trial.

IT IS SO ORDERED.

WOOD and NEAL, JJ., concur.