FILED
United States Court of Appeals
Tenth Circuit

**July 9, 2010**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PAUL ARTHUR LOPEZ,

      Petitioner–Appellant,

v.

GEORGE TAPIA, Warden; GARY K.
KING, Attorney General for the State
of New Mexico,

      Respondents–Appellees.

No. 09-2198

(Case No. 1:09-CV-00218-JB-RLP)

(D.N.M.)

**ORDER**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Petitioner, a *pro se* state prisoner, seeks a certificate of appealability to

appeal the district court's denial of his § 2254 habeas petition. He claims his

constitutional rights were violated during the pre-trial proceedings when "the

State, being bound by mandatory legislation, failed to conduct a preliminary

hearing within ten (10) days of his initial appearance." (Application for

Certificate of Appealability at 6.) He further argues his constitutional rights were

violated when he was only permitted twenty minutes to review the juror

questionnaires prior to voir dire. He also argues, for the first time on appeal, that

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

certain of the jurors who tried his case were actually or potentially biased against him.

The state court concluded on appeal that Petitioner's due process rights were not violated when, following an order of enlargement of time, he was indicted eleven days after his initial appearance.[1] The court concluded that New Mexico's Rules of Criminal Procedure did not require the filing of an indictment within the ten-day period applicable for a preliminary examination and, moreover, that the trial court was permitted to enlarge this time period. Furthermore, the court concluded any error in the initiation of the proceedings did not warrant dismissal of the indictment because Petitioner had shown no prejudice resulting from the allegedly improper one-day delay. *See State v. Tollardo*, 654 P.2d 568, 570 (N.M. 1982) ("Dismissal is not the proper remedy for a delay in holding a preliminary examination when prejudice to the defendant has not been shown.")

"The right to a preliminary hearing in the State of New Mexico is one guaranteed by the state constitution and only becomes a Federal Constitutional guarantee by the equal protection clause of the Fourteenth Amendment because it is a part of the due process of the state." *Silva v. Cox*, 351 F.2d 61, 64 (10th Cir. 1965). Therefore, we must accept the state court's interpretation of its laws

---

[1] Pursuant to New Mexico law, the metropolitan court conducted a probable cause determination at the time of Petitioner's initial appearance and bound him over for trial. *See* N.M.R.A. 7-203(A).

unless this interpretation is "inconsistent with the fundamental principles of liberty and justice." *Id.* After reviewing the record and Petitioner's filings on appeal, we see no issue of fundamental unfairness in the state court's interpretation in this case, and we conclude that reasonable jurists would not debate the district court's dismissal of Petitioner's claims relating to this issue. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

With respect to the juror questionnaires, Petitioner argued below that the trial court denied his right to a fair trial by denying his request for a continuance after allowing him only twenty minutes to review the forty questionnaires. When the magistrate judge recommended dismissal of this claim because Petitioner had pointed to no evidence of juror bias, Petitioner responded: "In considering this issue the sole question IS NOT: whether or not the jury was bias[ed]. The sole question is whether or not twenty minutes, alone, is enough time to read forty Juror Question[n]aires." (R. at 223.) Although he subsequently moved to expand the record to include the juror questionnaires, he argued they were relevant simply to demonstrate that these forty questionnaires could not be reviewed within twenty minutes. Based on the arguments presented before the district court and our review of the record on appeal, we conclude that reasonable jurists would not debate the district court's dismissal of this claim due to Petitioner's failure to establish he was denied the right to a fair and impartial jury through the trial court's denial of a continuance.

In his petition for a certificate of appealability, Petitioner argues for the first time that certain of the juror questionnaires reveal actual or potential bias, demonstrating that his rights to a fair trial were prejudiced by the insufficient time he was given to review the questionnaires. However, "absent extraordinary circumstances, we will not consider arguments raised for the first time on appeal. This is true whether an appellant is attempting to raise a 'bald-faced new issue' or 'a new theory on appeal that falls under the same general category as an argument presented at trial.'" *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 999 (10th Cir. 2002) (internal citation omitted) (quoting *Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 722 (10th Cir. 1993)). We decline to grant a certificate of appealability for Petitioner to raise a theory of bias that he affirmatively disavowed before the district court.

We **DENY** Petitioner's motion to expand the record on appeal. Petitioner's motion for an order permitting him to file handwritten pleadings is **DENIED** as moot—*pro se* litigants are not prohibited from filing handwritten pleadings in this court, and such an order is therefore unnecessary. In accordance with our standard procedures, we have reviewed all of Petitioner's handwritten filings in this case. After reviewing these filings and the record on appeal, however, we conclude that reasonable jurists would not debate the dismissal of Petitioner's habeas petition. Therefore, for substantially the same reasons given by the magistrate judge and the district court, we **DENY** Petitioner's request for a

certificate of appealability and **DISMISS** the appeal.

Entered for the Court

Monroe G. McKay
Circuit Judge